IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MARK HEMSTREET and GREG CLAPPER,   CV 07-732-ST

        Plaintiffs,   ORDER AND OPINION

    v.

BRADLEY DUNCAN, RANDALL SCORBY,
DAREN CHANDLER and JOHN DOES 1-6,

        Defendants.

MARSH, Judge:

    Magistrate Judge Stewart (Judge Stewart) filed her Findings and Recommendation (#36) on November 16, 2007. The matter is now before me pursuant to 28 U.S.C. § 636(b)(1)(B) and Federal Rule of Civil Procedure (Rule) 72(b). When either party objects to any portion of the Magistrate's Findings and Recommendation, the district court must make a *de novo* determination of that portion of the Magistrate's report. *See* 28 U.S.C. § 636(b)(1)(C); *McDonnell Douglas Corp. v. Commodore Business Machines, Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981), *cert. denied*, 455 U.S. 920 (1982). Plaintiffs filed timely objections to Judge Stewart's Findings and Recommendation to dismiss with prejudice their Third Claim for Relief. Accordingly, I have reviewed this portion of Judge Stewart's recommendation *de novo*. Finding no error, I adopt the Findings and Recommendation (#36) and deny Plaintiffs' objections (#45).

BACKGROUND

1- OPINION AND ORDER

In January 2005 Defendants were employed by the Oregon State Police, Division of Fish and Wildlife. In their capacity as State Troopers, Defendants issued multiple citations to Plaintiffs Mark Hemstreet (Hemstreet) and Gregg Clapper (Clapper) for violations of wildlife hunting regulations. The citations relevant to this case alleged that Hemstreet, who owns a large parcel of property in Wallowa County, Oregon (called Shilo Ranch): (1) possessed "falsely applied for resident hunting licenses" in October of 2000, 2001, 2002 and 2003; (2) "aid[ed] in a game violation with an unlawful taking of mule deer buck" in October 2003; (3) "loan[ed] a big game tag" on October 27, 2004, "borrow[ed] an elk tag" on October 28, 2004, and also failed "to validate an elk tag" and "unlawfully [took] a bull elk" on this date. Clapper was cited for, *inter alia*, borrowing a big game tag in October 2004.

In February 2005 the Wallowa County District Attorney charged Hemstreet and Clapper with the crimes alleged in these citations. *See State v. Clapper*, Case No. 05-M5881; *State v. Hemstreet*, Case No. 05-M5878. The Wallowa County Circuit Court granted, in part, Hemstreet and Clapper's suppression motions, suppressing observations made by troopers at Hemstreet's Shilo Ranch on November 15, 2004, and evidence derived from the search of Clapper's residence. The court did not suppress evidence obtained during a search of Shilo Ranch on November 15, 2004 and November 20, 2004, notwithstanding Hemstreet's contention that the officers lacked probable cause to believe evidence of criminal activity would be found there.

On December 7, 2006, Hemstreet entered into a Diversion Agreement in which the District Attorney dismissed with prejudice all charges in exchange for Hemstreet agreeing to commit no crimes for six months and to pay $3000. On January 3, 2007, the Wallowa County Circuit Court entered an order dismissing with prejudice all charges against Clapper on the basis

that his right to a speedy trial had been violated.

## DISCUSSION

Plaintiffs brought this civil action on May 17, 2007.  In their First Amended Complaint (# 8), filed July 8, 2007, Plaintiffs seek compensatory and putative damages against Defendants pursuant to 42 U.S.C. § 1983, for allegedly violating Plaintiffs' First Amendment rights to free speech (First Claim), and for allegedly maliciously prosecuting Plaintiffs in retaliation for exercising their free speech rights (Second Claim).  Plaintiffs also seek treble damages and attorney fees pursuant to the Oregon Racketeer Influenced and Corrupt Organization Act (ORICO), ORS § 166.715-735, for injuries Plaintiffs allegedly suffered as a result of Defendants' alleged pattern of racketeering activity (Third Claim).

In their Objections to Judge Stewart's Findings and Recommendation, filed December 4, 2007, Plaintiffs object only to Judge Stewart's recommendation that Defendants' Motion to Dismiss Plaintiffs' Third Claim, the ORICO claim, should be granted and the claim dismissed with prejudice.  Plaintiffs do not object to any of the findings upon which Judge Stewart based this recommendation.  Indeed, Plaintiffs essentially concede that Judge Stewart correctly concluded that Plaintiffs failed to state a claim under ORICO upon which relief can be granted.  Plaintiffs object to what they characterize as Judge Stewart's "conclusion that plaintiffs should not be allowed to replead their ORICO claim."  Plaintiffs "request that this court allow them to replead their Third Claim for Relief."

Plaintiffs did not file a Motion to Amend their Pleadings under Federal Rule of Civil

Procedure (Rule) 15[1], nor have Plaintiffs submitted a proposed Second Amended Complaint. Nor do I find any argument in Plaintiffs' Memorandum in Opposition to Defendants' Motion to Dismiss (#17) in support of an informal motion to amend, or any evidence that Judge Stewart ruled on an oral motion to amend the complaint at the hearing on October 23, 2007. Judge Stewart did, however, consider *sua sponte* whether the ORICO claim could be saved by any amendment. *See Steckman v. Hart Brewing, Inc.*, 143 F.3d 1293, 1296 (9th Cir.1998)(dismissal is improper unless it is clear that the claim could not be saved by any amendment). Judge Stewart concluded that it could not.

Thus, the only issue for me to resolve is whether to adopt Judge Stewart's Findings and Recommendation as it stands, or to adopt all but her recommendation to dismiss Plaintiffs' ORICO claim with prejudice. If I amend Judge Stewart's recommendation and dismiss the ORICO claim without prejudice Plaintiffs would be free to file a formal motion to amend. However, until I adopt or modify the Findings and Recommendation, Defendants' Motion to Dismiss remains pending and no relief is available from a motion that has not yet been ruled upon. Accordingly, Plaintiffs' request for leave to replead their ORICO claim is not properly taken under Rule 72(b).

Prejudice must attach to the dismissal of Plaintiffs' ORICO claim unless amending the claim would not be futile. *See Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir.1995) (holding that futility of amendment can, by itself, justify the denial of a motion for leave to amend); *see also Allen v. City of Beverly Hills*, 911 F.2d 367, 374 (9th Cir.1990)(affirming district court's denial

---

[1] Plaintiffs previously amended their complaint (#8) as a matter of course, and therefore did not seek the Court's permission.

of motion to amend where movant presented no new facts, only new theories). An amendment that would not survive summary judgment would be futile. *Gabrielson v. Montgomery Ward & Co.*, 785 F.2d 762, 766 (9th Cir. 1986).

For the reasons stated in Defendants' Response to Plaintiffs' Objections to the Findings and Recommendations (#49) I find that Plaintiffs' proposed amendments are not based on new facts, only new theories, and in any event, they would not survive summary judgment. Thus, I find that Plaintiffs' proposed amendments would be futile. Accordingly, I adopt Judge Stewart's Findings and Recommendation to dismiss Plaintiffs' Third Claim for relief with prejudice.

## CONCLUSION

I ADOPT the Recommendation to DENY Defendant's Partial Motion to Dismiss (#13) as to the First and Second Claims, to GRANT the motion as to the Third claim, and to dismiss the Third Claim with prejudice.

IT IS SO ORDERED.

DATED this _8_ day of February, 2008.

_/s/  Malcolm F. Marsh
Malcolm F. Marsh
United States District Judge

5- OPINION AND ORDER