IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MARK HEMSTREET and
GREGG CLAPPER,

                 Plaintiffs,

      v.

BRADLEY DUNCAN, RANDY SCORBY,
DARREN CHANDLER and JOHN DOES 1-6,

                Defendants.

CV-07-732-ST

FINDINGS AND
RECOMMENDATION

STEWART, Magistrate Judge:

**<u>INTRODUCTION</u>**

Plaintiffs, Mark Hemstreet ("Hemstreet") and Gregg Clapper ("Clapper"), move for

voluntary dismissal of their case pursuant to FRCP 41(a)(2) (docket #56). Defendants oppose

this motion on the ground that they will suffer undue prejudice. For the reasons that follow,

plaintiffs' motion should be granted subject to their agreement to dismiss and not further

prosecute a claim under the Oregon Racketeering Influenced and Corrupt Organizations Act

1 - FINDINGS AND RECOMMENDATION

("ORICO"), ORS 166.715-.735, arising out of the same facts supporting the ORICO claim

(Third Claim) previously dismissed with prejudice.

## PROCEDURAL HISTORY

Plaintiffs filed this action on May 17, 2007, alleging two claims pursuant to 42 USC

§ 1983: a violation of plaintiffs' First Amendment right to free speech (Claim One) and

malicious prosecution in retaliation for plaintiffs exercising their First Amendment right to free

speech (Claim Two) (docket #1). The factual basis underlying these claims involves defendants'

issuance of citations and prosecution of plaintiffs for a number of allegedly baseless wildlife

violations committed on Hemstreet's eastern Oregon ranch. On August 8, 2007, plaintiffs filed a

First Amended Complaint adding an ORICO claim (Claim Three) (docket #8).

Defendants moved to dismiss plaintiffs' First Amended Complaint (docket #13). In its

Findings and Recommendation on November 16, 2007 (docket #36), this court recommended

that plaintiffs' ORICO claim be dismissed with prejudice and defendants' motion denied as to

the § 1983 claims. District Judge Malcolm F. Marsh adopted the Findings and Recommendation

on February 12, 2008 (docket #61).

Four days before Judge Marsh issued his Opinion and Order adopting the Findings and

Recommendation, plaintiffs moved to voluntarily dismiss their case pursuant to FRCP 41(a)(2)

(docket #56). Simultaneously, plaintiffs filed a new action in Baker County Circuit Court

("Baker County case") alleging the same three claims in the First Amended Complaint, plus

three new state common law claims. Plaintiffs also named four new defendants: Bill Ables and

Warren Morris, officers of the Division of Fish and Wildlife, the State of Oregon, and the

Oregon State Police. Angeli Aff., ¶ 2 & Exhibit 2; Abrams Aff., ¶ 9. The new common law

claims are: (1) malicious prosecution alleged against all defendants; (2) placing Clapper in a false light alleged against Scorby, the State of Oregon and the Oregon State Police; and (3) invasion of Hemstreet's privacy alleged against Duncan, Ables, Morris, the State of Oregon, and the Oregon State Police.  Plaintiffs also added Ables as a defendant to their § 1983 claims.

As a result, the § 1983 claims are now pending in both federal and state court and additional claims against new defendants are pending in state court.

## STANDARDS

FRCP 41(a)(2) provides that "[e]xcept as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper. . . . Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice." To analyze motions for voluntary dismissal brought pursuant to this rule, courts must determine: (1) whether to allow the dismissal; (2) whether dismissal should be with or without prejudice; and (3) what terms and conditions, if any, should be imposed.  *Williams v. Peralta Cmty. Coll. Dist.*, 227 FRD 538, 539 (ND Cal 2005); *Burnette v. Godshall*, 828 F Supp 1439, 1443 (ND Cal 1993), *aff'd sub nom, Burnette v. Lockheed Missiles & Space Co.*, 72 F3d 766, 767 (9th Cir 1995).  "[T]he decision to grant a voluntary dismissal under Rule 41(a)(2) is addressed to the sound discretion of the District Court."  *Hamilton v. Firestone Tire & Rubber Co., Inc.,* 679 F2d 143, 145 (9th Cir 1982).

## FINDINGS

### I.    Whether Dismissal is Appropriate

"A district court should grant a motion for voluntary dismissal under Rule 41(a)(2) unless a defendant can show that it will suffer some plain legal prejudice as a result."  *Smith v. Lenches*,

263 F3d 972, 975 (9th Cir 2001) (citations omitted).  "Legal prejudice" means "prejudice to some

legal interest, some legal claim, some legal argument."  *Wastelands Water Dist. v. United States*,

100 F3d 94, 97 (1996).  Legal prejudice does not include the prospect of facing a future lawsuit

or "[u]ncertainty because a dispute remains unresolved . . . ."  *Id* at 96-97.  "[T]he fact that the

defendants [have] incurred substantial expense in litigating the . . . lawsuit" does not constitute

legal prejudice.  *Id* at 97.  Additionally, "plain legal prejudice does not result merely because the

defendant will be inconvenienced by having to defend in another forum or where a plaintiff

would gain a tactical advantage by that dismissal."  *Smith*, 263 F3d at 976 (citation omitted).

Instead, the analysis focuses on "the rights and defenses available to a defendant in future

litigation."  *Westlands Water Dist.*, 100 F3d at 97.

Defendants assert that voluntary dismissal of this case will prejudice them in several

ways.  First, they point to the extensive litigation that has already occurred in this case.  Because

this case has been active for over nine months, the parties have undertaken extensive discovery

and vigorously fought over motions to dismiss, to compel discovery, and to quash subpoenas.

To date, defendants have expended 755 hours of lawyer and staff time defending against

plaintiffs' three claims.  However, the cases cited by defendants do not support denial of

plaintiffs' motion on this basis. Abrams Aff. (docket #63), ¶ 13.

Defendants cite *Unida v. Levi Strauss & Co.*, 986 F2d 970, 974 (5th Cir 1993), which

upheld the district court's denial of plaintiffs' FRCP 41(b)(2) motion where "[p]laintiffs sought

to have their federal claims dismissed without prejudice (i) over one and a half years after the

case was removed, (ii) after both sides had conducted substantial discovery, and (iii) after Levi

Strauss' motion for summary judgment had been pending for almost five months."  Similarly,

4 - FINDINGS AND RECOMMENDATION

*Terrovona v. Kincheloe*, 852 F2d 424, 429 (9th Cir 1988), *cert denied*, 499 US 979 (1991), held that the district court properly denied a motion for voluntary dismissal where summary judgment had been pending for three months and the magistrate judge had already issued his report and recommendation. In contrast, no summary judgment motion has been filed yet in this case.

In *United States ex rel. Doe v. Dow Chem. Co.*, 343 F3d 325, 330 (5th Cir 2003), it was not an abuse of discretion to deny a motion for voluntary dismissal where plaintiff:

> filed his motion to dismiss nine months after filing suit[;] [b]oth sides had filed responsive pleadings in addition to motions to compel, motions for expedited hearing, motions to dismiss, motions for oral arguments, and a motion for rehearing[;] [t]he parties had attended several conferences for purposes of scheduling discovery[;] [a]nd although no magistrate [judge] had ruled against [plaintiff], the United States had declined to intervene in the suit, *a move which could be interpreted by [plaintiff] as substantially weakening his case*. Further, [plaintiff]'s counsel *had been sanctioned* by the district court for failure to participate in the discovery process. (emphasis added).

In each of these cases, the party opposing voluntary dismissal had achieved, or was on the cusp of possibly achieving, some legal victory which would be lost if their case was dismissed and the moving party were allowed to refile at a later date. Furthermore, no condition could have mitigated this plain legal prejudice. Here, in contrast, as discussed more fully below, the legal victory achieved by defendants is protected by the doctrine of *res judicata* or issue preclusion, and any prejudice from dismissal may be mitigated by the imposition of appropriate conditions.

Defendants also assert that the threat of future, duplicative litigation weighs against voluntary dismissal. However, if this case is dismissed, only the Baker County case would remain. At that point, nothing would be duplicative about claims being asserted in the Baker County case. In addition, courts have repeatedly stated that "plain legal prejudice does not result

5 - FINDINGS AND RECOMMENDATION

merely because defendant will be inconvenienced by having to defend in another forum."
*Burnette*, 828 F Supp at 1443, citing *Hamilton*, 679 F2d at 145.

Defendants further argue that they are prejudiced by the loss of a federal forum for the § 1983 claims. However, plaintiffs, not defendants, choose to file this case in federal court initially. Had plaintiffs initially filed this case in state court, defendants would not have had a federal forum.

Finally, defendants assert that this motion, coupled with the filing of the Baker county case, is nothing more than a procedural ruse aimed at reviving a dead ORICO claim. This court dismissed the ORICO claim with prejudice because further amendment would be futile. *Hemstreet v. Duncan*, Civil No. CV-07-732, Opinion by Judge Marsh, February 12, 2008, pp. 4-5 (adopting Findings and Recommendations) (docket #61). Were this case to continue, defendants would not be required to defend against the ORICO claim and could focus their efforts on the two remaining § 1983 claims alleging violations of the plaintiffs' First Amendment rights. If this court grants plaintiffs' motion and the ORICO claim is resuscitated in the Baker County case, then defendants are required to again mount a defense. The loss of defendants' legal success on the ORICO claim in this court is plain legal prejudice.

Despite the existence of such legal prejudice with respect to the ORICO claim, this court is not required to deny plaintiff's request to dismiss this case. Instead, this court must first determine the degree of prejudice suffered by defendants in order to tailor conditions which alleviate this prejudice, but do not unnecessarily impact plaintiffs. *See In re Lowenschuss*, 67 F3d 1394, 1399-1400 (9th Cir 1995) (finding "instructive" a Fifth Circuit case that reversed a conditional dismissal and ordered the district court to "better determine what interests [were] at

stake and to fashion only such conditions as [were] necessary to protect the legitimate interest of

defendants"), quoting *Le Compte v. Mr. Chip, Inc.*, 528 F2d 601, 605 (5th Cir 1976).

      The legal prejudice suffered by defendants upon dismissal of this case will be mitigated if

defendants obtain an immediate dismissal of the ORICO claim in the Baker County case based

on issue preclusion.  Under Oregon law, issue preclusion "precludes future litigation on a subject

issue only if the issue was 'actually litigated and determined' in a setting where 'its

determination was essential to' the final decision reached."  *Drews v. EBI Companies*, 310 Or

134, 139, 795 P2d 531, 535 (1989), quoting *N. Clackamas Sch. Dist. v. White*, 305 Or 48, 53,

750 P2d 485, 487 (1988).  Oregon applies the five so-called *Nelson* factors in determining

whether issue preclusion applies to a particular case:

> If one tribunal has decided an issue, the decision on that issue may
> preclude relitigation of the issue in another proceeding if five
> requirements are met:
> 1. The issue in the two proceedings is identical.
> 2. The issue was actually litigated and was essential to a final decision on
> the merits in the prior proceeding.
> 3. The party sought to be precluded has had a full and fair opportunity to
> be heard on that issue.
> 4. The party sought to be precluded was a party or was in privity with a
> party to the prior proceeding.
> 5. The prior proceeding was the type of proceeding to which this court
> will give preclusive effect.

*Nelson v. Emerald People's Util. Dist.*, 318 Or 99, 104, 862 P2d 1293, 1296-97 (1993)

(citations omitted).

      There is no dispute that four of the *Nelson* factors are met.  The parties actually litigated

the ORICO claim in the course of defendants' motion to dismiss; plaintiffs had a full and fair

opportunity to be heard; and plaintiffs are the same in both courts.  The dismissal with prejudice

by this court was a final decision on the merits and must be given preclusive effect by Oregon

courts:

> In Oregon, as elsewhere, "a dismissal with prejudice normally creates a
> res judicata bar to any major action." Thus:
> "The term 'with prejudice,' expressed in a judgment of dismissal, has a
> well-recognized legal import; and it indicates an adjudication of the
> merits, operating as *res judicata*, concluding the rights of the parties,
> terminating the right of action, and precluding subsequent litigation of the
> same cause of action, to the same extent as if the action had been
> prosecuted to a final adjudication adverse to the plaintiff."

*Sandgathe v. Jagger*, 165 Or App 375, 380-81, 996 P2d 1001, 1004 (2000) (citations omitted).

Furthermore, "a combination of constitutional and statutory considerations requires state

courts to give *res judicata* effect to the judgments of federal courts."  *Americana Fabrics, Inc. v.*

*L & L Textiles, Inc.*, 754 F2d 1524, 1529 (9th Cir 1985) (citations omitted); *see also Beard v.*

*Sheet Metal Workers Union, Local 150*, 908 F2d 474, 477 n3 (9th Cir 1990) ("the state court must

give the prior federal judgment the same *res judicata* effect that it would have in federal court").

Thus, the only disputed *Nelson* factor is whether the ORICO claims alleged both in this

court and in the Baker County case are identical.  Plaintiffs argue that the ORICO claim in the

Baker County case changes the parties since it is brought by only one of the two plaintiffs

(Hemstreet) and is asserted against only two (out of the original three) same defendants.  This

argument is faulty since all the parties involved in the state court ORICO claim were involved in

the ORICO claim before this court.

Plaintiffs also contend that they have made changes to the alleged predicate acts in the

Baker County case.  Instead of the five predicate acts alleged in this case, the Baker County case

alleges 20 predicate acts by defendant Duncan in paragraph 68.  However, two of those predicate

acts (subparagraphs 19 & 20) are exactly the same as two of the five predicate acts previously

alleged in this case (trespass on November 14, 2004, and false swearing on November 29, 2006).

As previously held by this court, those two allegations did not constitute predicate acts and

cannot be used to establish a pattern of racketeering activity.

The Baker County case does not allege the other three predicate acts previously alleged

in this case (false swearing on November 19, 2004, unauthorized LEDS use on August 18, 2006,

and coercion). Instead, it alleges 18 other predicate acts. Nine of those predicate acts allege the

making of a false statement in violation of ORS 162.075 by issuing the nine citations without

probable cause (subparagraphs 1-9). The remaining nine allege a violation of ORS 133.060 by

scheduling the appearance date for 54 days, instead of 30 days, after issuance of the nine

citations (subparagraphs 10-18). These 18 predicate acts are nothing more than two alleged

violations of Oregon law for each of the nine citations. To establish a "pattern of racketeering

activity" under ORICO, plaintiffs must prove "at least two incidents of racketeering activity that

have the same or similar intents, results, accomplices, victims, or methods of commission or

otherwise are interrelated by distinguishing characteristics, including a nexus to the same

enterprise, and are not isolated incidents." ORS 166.715(4). Since all citations were issued at

one time on January 9, 2005, issuing the citations amounts to a single incident which is likely

insufficient to constitute a pattern of racketeering activity.

Even if the 18 alleged predicate acts are deemed to be separate incidents, they allege facts

of which this court was aware when it issued its Findings and Recommendation. Judge Marsh

flatly rejected this attempt to repackage the same facts as new predicate acts when he adopted the

Findings and Recommendation (docket #61, p. 5) ("I find that Plaintiffs' proposed amendments

are not based on new facts, only new theories, and in any event, they would not survive summary

judgment. Thus, I find that Plaintiffs' proposed amendments would be futile. Accordingly, I adopt Judge Stewart's Findings and Recommendation to dismiss Plaintiffs' Third Claim for relief with prejudice."). Because the ORICO claim alleged in the Baker County case is, in all respects, the same claim dismissed in this case, it should be subject to immediate dismissal on defendants' motion.

Although this court concludes that defendants will suffer legal prejudice upon dismissal of this case, that legal prejudice should be mitigated. Based on issue preclusion, defendants should be able to obtain dismissal of the ORICO claim in the Baker County case. Of course, to obtain that dismissal, defendants must expend additional attorney fees. That additional expenditure can be eliminated by requiring plaintiffs to pay those costs as a condition of dismissal of this case. Thus, denial of plaintiff's motion is not appropriate based on the ability to impose appropriate conditions upon dismissal.

Nevertheless, the possibility remains that the state court will reject this court's analysis and refuse to dismiss the ORICO claim based on issue preclusion. In that event, the only certain method of ensuring that defendants retain their legal victory in this court is to require plaintiffs to forego prosecution of their ORICO claim in the Baker County case. That can be accomplished by imposing, as a condition of dismissal, that plaintiffs voluntarily dismiss with prejudice their ORICO claim in the Baker County case. If they comply with that condition, then defendants will no longer have to defend against an ORICO claim.

Plaintiffs could reject that condition in order not to give up their ORICO claim. In that event, they will have two actions pending in two courts, a burden which they seek to avoid through a voluntary dismissal of this action. In addition, defendants will have to file a motion to

dismiss the ORICO claim in state court.  If they succeed, then this court will still have

jurisdiction over plaintiffs and can impose the cost of that additional expenditure as a sanction

against plaintiffs in this case.  If they fail, then a sanction against plaintiffs may or may not be

appropriate.

Unfortunately, whether or not this case is dismissed, defendants must deal with the

ORICO claim currently pending in state court.  This court has no authority to instruct the state

court with respect to disposition of the Baker County case, but only has authority over plaintiffs'

future conduct.  The problem with dismissing this case is the loss of court's jurisdiction over

plaintiffs.  However, this court can adequately mitigate the potential legal prejudice to

defendants by conditioning dismissal upon plaintiffs' surrender of their ORICO claim.

## II.    <u>With or Without Prejudice</u>

If the court elects to dismiss this case, then defendants request that it dismiss plaintiffs'

remaining § 1983 claims with prejudice.  FRCP 41(a)(2) indicates that a voluntary dismissal

should be without prejudice unless otherwise specified by court order.  As with the analysis of

the first question, the focus here is whether "it would be inequitable or prejudicial to defendant

to allow plaintiff to refile the action."  *Burnette*, 828 F Supp at 1443 (citation omitted).  In

considering whether a dismissal should be with or without prejudice, district courts have

considered multiple factors, including: "(1) the defendant's effort and expense in preparing for

trial, (2) excessive delay and lack of diligence on the part of the plaintiff in prosecuting the

action, [and] (3) insufficient explanation of the need to take a dismissal."  *Williams*, 227 FRD at

540, quoting *Burnette*, 828 F Supp at 1443-44 (alteration in original).  Another significant factor

to consider is the extent to which any prejudice to defendant can be mitigated by the imposition

of conditions.  *See Hamilton*, 679 F2d at 145 ("the District Court addressed and disposed of the issue of possible prejudice by awarding costs to defendant upon dismissal").

Although the parties have expended considerable resources in litigating this case to date, most of the work will be useful in the Baker County case alleging the same or similar claims.  In addition, this case is not yet ready for trial.  Thus, no extensive trial preparations would be lost or unnecessarily duplicated in state court.  There is no indication that plaintiffs have engaged in excessive delay or lack of diligence in pursuing this action.

Defendants characterize the filing of the Baker County case as intended simply to escape this forum and avoid dismissal of plaintiffs' ORICO claim with prejudice.  While the timing of the filing of the Baker County case is suspect, plaintiffs have provided a sufficient explanation why they seek a voluntary dismissal to pursue their claims in state court.

Plaintiffs explain that the common law claims filed in the Baker County case became "legally cognizable" only after the Oregon Supreme Court decision in *Clarke v. Or. Health Scis. Univ.*, 343 Or 581, 610, 175 P3d 418, 434 (2007).  They filed the Baker County case a little over a month after *Clarke* was issued after studying its impact on ORS 496.620.  According to plaintiffs, *Clarke* renders ORS 496.620 unconstitutional because it shields certain law enforcement officers from liability without providing an adequate alternative remedy.  Despite the bar of the two-year statute of limitations under the Oregon Tort Claims Act ("OTCA"), they believe that *Clarke* gives new life to claims against law enforcement officers for violations of ORS 496.620 based on the facts of this case, the majority of which occurred more than two years ago.

12 - FINDINGS AND RECOMMENDATION

Because the common law claims are not pending in this court, it is neither necessary nor appropriate for this court to decide whether *Clarke* permits plaintiffs to allege the new claims. Instead, the state court which has jurisdiction over those common law claims will have to decide: (1) whether ORS 496.620 is unconstitutional because it conflicts with the Oregon Remedy Clause, Or. Const. Art. I, section 10;[1] and (2) whether it allows time barred claims to spring back to life for purposes of the OTCA statute of limitations.[2]  Even if ORS 496.620 conflicts with the Oregon Remedies Clause, defendants concede that the malicious prosecution claim is not time-barred.  The only issue raised by that claim is whether the OTCA notice was timely.

The only question before this court is the proper application of FRCP 41(a)(2).  From that standpoint, plaintiffs have presented a legal argument that they wish to pursue in the Baker

---

[1]  In this court's view, plaintiffs' expansive reading of *Clarke* is untenable.  Despite plaintiffs' best efforts to squeeze more out of the opinion, *Clarke* had a very narrow holding wholly inapplicable to ORS 496.620.  On its final page, *Clarke* held that:

> the elimination of a cause of action against public employees or agents in ORS 30.265(1), *as applied to plaintiff's claims against the individual defendants*, violates the Remedy Clause of Article I, section 10 because the substituted remedy against the public body, as specified in ORS 30.270(1), is an emasculated version of the remedy that was available at common law.

*Clarke*, 343 Or at 610,175 P3d at 434.

In reaching this holding, the court was clear that it was not developing any new Remedy Clause jurisprudence, but instead was applying consistent holdings from previous cases that "the legislature may alter common-law remedies, but 'may not substitute an 'emasculated remedy' that is incapable of restoring the right that has been injured.'" *Id* at 606, 175 P3d at 432, quoting *Smothers v. Gresham Transfer Inc*, 332 Or 83, 119-20, 23 P3d 333, 354 (2001), quoting *West v. Jaloff*, 113 Or 184, 195, 232 P 642, 645 (1925).  *Clarke* leaves the legal landscape of Remedy Clause jurisprudence unchanged, except with respect to a certain narrow class of claims brought pursuant to ORS 30.265(1) & .270(1).  It does not even mention ORS 496.620, much less purport to hold it, or any other state statute for that matter, facially invalid.

[2]  In this court's view, *Clarke* does not allow time barred claims to spring back to life as "legally cognizable harm," for purposes of the OTCA statute of limitations.  Even assuming that ORS 496.620 conflicts with the Oregon Remedies Clause, as plaintiffs contend, this conflict has existed at least from the Oregon Supreme Court's decision in *Smothers* which "disavowed [a] line of [Oregon Supreme Court] cases . . . to the extent that those cases held that the legislature could abolish absolute rights respecting person, property, or reputation without violating the Remedy Clause," and "set forth the . . . analysis to be applied to Remedy Clause claims." *Clarke*, 343 Or at 592-93, 175 P3d at 424-25.  *Clarke* specifically applied this previously developed analysis to the specific statute before it.  *Id* ("We now apply the *Smothers* analysis to plaintiff's arguments under Article I, section 10.").  Thus, plaintiffs could have brought this same challenge after *Smothers* and before the expiration of the two-year statute of limitations imposed by the OTCA.  As a result, most of plaintiffs' common law claims should be time barred.

13 - FINDINGS AND RECOMMENDATION

County case that, based on *Clarke*, ORS 462.620 violates the Oregon Remedy Clause. They have the right to do so.

To assert their new common law claims, plaintiffs considered three options: (1) seeking to amend their complaint in this court and asking this court to exercise its supplemental jurisdiction; (2) filing a separate action in state court asserting the common law claims, while proceeding simultaneously with the federal claims in this court; or (3) consolidating all of their claims in a single action in state court. The Eleventh Amendment bars plaintiffs from asserting claims in federal court against the State of Oregon and its agencies, as well as against individual defendant acting in their official capacities. Therefore, plaintiffs could only pursue the first option if the State of Oregon agreed to waive its sovereign immunity. The State of Oregon refused to do so. Angeli Aff (docket #65), Ex. 1. As a result, plaintiffs were left with the second and third options. They understandably preferred the third option to avoid duplicative litigation in parallel cases which would present the risk of conflicting legal rulings and factual findings.

Because plaintiffs have sufficiently explained their need for dismissal, and no other factor counsels against it, this court finds that the remaining claims in this action should be dismissed without prejudice.

## III.    <u>Attorney Fees</u>

As a condition of dismissal without prejudice, defendants seek recovery of their attorney fees and costs incurred in this case. The Ninth Circuit has adopted the rule followed in other circuits that "a defendant is entitled only to recover, as a condition of dismissal under [FRCP] 41(a)(2), attorneys fees or costs for work which is not useful in continuing litigation between the parties." *Koch v. Hankins*, 8 F3d 650, 652 (9th Cir 1993) (citations omitted).

For the most part, the work conducted so far in this case by defendants, consisting mostly of discovery, will be useful in the Baker County case.  Plaintiffs have agreed that all discovery obtained in this case may be used in the Baker County case.   As discussed above, dismissal of this case prejudices defendants only with respect to the need to relitigate the validity of the ORICO claim.  Conditioning dismissal upon surrender of that claim will mitigate that prejudice.  Therefore, no additional attorney fees or costs should be imposed on plaintiffs as a condition of dismissal.

## RECOMMENDATION

Plaintiffs' Motion for Voluntary Dismissal Without Prejudice Pursuant to Fed R Civ P 41(a)(2) (docket #56) should be GRANTED subject to plaintiffs' agreement to dismiss with prejudice and not further prosecute a claim under ORICO arising out of the same facts supporting the ORICO claim which this court previously dismissed with prejudice.

## SCHEDULING ORDER

Objections to the Findings and Recommendation, if any, are due **May 19, 2008.**  If no objections are filed, then the Findings and Recommendation will be referred to a district judge and go under advisement on that date.

If objections are filed, then a response is due within 10 days after being served with a copy of the objections.  When the response is due or filed, whichever date is earlier, the Findings and Recommendation will be referred to a district judge and go under advisement.

DATED this 5th day of May, 2008.

/s/ Janice M. Stewart
Janice M. Stewart
United States Magistrate Judge

15 - FINDINGS AND RECOMMENDATION